# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| DERRICK NEAL (B58727), | ) |
|     Petitioner, | ) |
|     v. | ) No. 14-cv-9309 |
| KIM BUTLER, WARDEN<br>Menard Correctional Center, | ) Judge Thomas M. Durkin |
|     Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Derrick Neal brings this pro se habeas corpus action under 28 U.S.C. § 2254 challenging his 2002 murder conviction from the Circuit Court of Cook County. For the following reasons, Neal's petition is denied and the Court declines to issue a certificate of appealability.

## Background[1]

### A. The Trial

On May 2, 2000, Neal fired sixteen shots into a crowd gathered in a parking lot in Chicago, Illinois. R. 20-2 at 3 (¶ 12). In the process, he killed one person and injured several others. Neal did not dispute these facts in the state court proceedings, and he does not dispute them here. Instead, Neal argues he acted in self-defense when he shot into the crowd.

During trial, several individuals and a police officer present at the scene

---

[1] The facts underlying Neal's conviction as determined by the state courts are presumed correct. 28 U.S.C. § 2254(e)(1). Neal has the burden of rebutting the presumption of correctness through clear and convincing evidence to the contrary. *Id.*

1

testified for the prosecution. These witnesses testified that two women (one of whom was Nickia Carlvin) were arguing in a parking lot. Thirty to fifty people were also in the parking lot. As the women argued, Neal walked up to the women and began shooting into the crowd, which then scattered. The police officer testified that he did not see anyone carrying a weapon, such as a stick, bat, or gun. *Id.* at 3 (¶ 13). The parties stipulated that sixteen shell casings were recovered from the crime scene and all came from the same gun. *Id.* at 4 (¶ 19).

Three defense witnesses—Gloria Hentz, Donna Williams, and Neal himself—testified. All three agreed that there was a fight between Carlvin and another woman near the parking lot. Hentz testified that after the fight, an angry crowd of people with sticks approached the parking lot near her house, where Neal was standing with Carlvin. Neal then started shooting at the crowd, ran to his car, and drove off. Hentz did not testify to seeing anyone else with a gun. R. 20-2 at 5-6 (¶¶ 20-22). Williams testified that one of the fighting women ran off and returned with a crowd of people carrying sticks who looked ready to fight. *Id.* at 5 (¶ 23). As the crowd proceeded toward Neal and Carlvin, Neal pulled out a gun. Williams ran inside and did not witness any of the shooting. *Id.* Neal testified that, while he was at a barbeque hosted by Hentz, he noticed a fight between Carlvin and another woman. The fight broke up and the other woman arrived with a crowd, which started coming toward him and Carlvin, carrying sticks, bottles, and weapons. *Id.* at 5 (¶¶ 24-25). Neal claimed that he saw a girl about to attack Carlvin with a box cutter, and a man begin to draw his gun, and as a result, Neal started firing into

2

the crowd, which caused a shootout. He admitted that he fired into the crowd before anyone shot at him. *Id*.

Neal was found guilty of one count of first degree murder and two counts of aggravated battery with a firearm. R. 20-2 at 6 (¶ 32). He was sentenced to eighty years of imprisonment on the murder conviction and two fifteen-year terms on the aggravated battery convictions, all to be served consecutively. *Id*.

### B. Direct Appeal

Neal, through counsel, filed a direct appeal arguing the trial court erred in imposing consecutive sentences for the two counts of aggravated battery. *See* R. 20-1. The appellate court agreed, and on remand, the trial court modified the sentence so that the fifteen-year terms ran concurrently with each other and consecutively with the eighty-year murder sentence. R. 20-2 at 6 (¶ 34). Neal then filed a petition for leave to appeal to the Illinois Supreme Court, arguing that the case should be remanded for inquiry as to the severity of one of the victim's injuries. R. 20-1 at 71-78. The Illinois Supreme Court denied that petition for leave to appeal. R. 20-2 at 1.

### C. State Post-Conviction Proceedings

Neal then filed a post-conviction petition, alleging ineffective assistance of trial counsel for failing to call three witnesses to testify—Shalonda Stewart, Jimmie Walker, and April Davis.[2] R. 20-2 at 6-7 (¶¶ 37, 45). Neal attached an affidavit in which Davis attested that she observed a mob approach Neal and Carlvin with

---

[2] Neal originally filed the state post-conviction petition pro se, and brought the claim only as to Stewart and Walker. The state court appointed counsel, who filed a supplemental post-conviction petition adding the allegations as to Davis. R. 20-2 at 6-7 (¶¶ 37, 44-45).

3

sticks and poles, and that three men began shooting at Neal before Neal returned fire. *Id*. at 7 (¶ 45). Neal did not attach affidavits from Stewart or Walker. He did, however, attach police reports of their accounts. *Id*. at 6-7 (¶¶ 39-42).

The trial court dismissed the post-conviction petition as frivolous and without merit. *Id*. at 7-8 (¶ 47). Neal appealed. The appellate court held that Neal's claim was procedurally deficient because Neal failed to submit affidavits from Stewart and Walker. *Id*. at 9-10 (¶¶ 66-67). The court also held that Neal's claim was meritless as to all three individuals because he could not show that his counsel's performance was deficient or prejudicial for not calling the witnesses. The court thus affirmed the dismissal of the post-conviction petition. *Id*. at 10-11 (¶¶ 68-75). Neal next filed a petition for leave to appeal to the Illinois Supreme Court. R. 20-3 at 11. The Illinois Supreme Court denied Neal's post-conviction petition for leave to appeal. R. 20-3 at 62.

### D. Federal Post-Conviction Proceedings

Neal filed this petition for a writ of habeas corpus on November 19, 2014, arguing (1) ineffective assistance of trial counsel for failing to call Stewart, Walker, and Davis as witnesses at trial; and (2) ineffective assistance of appellate counsel for not raising three issues on appeal. R. 1 at 5. In response, Respondent argues Neal's petition fails for three reasons: (1) the ineffective assistance of trial counsel claim is procedurally defaulted as to Stewart and Walker because the state court based its ruling on an independent and adequate state law rule; (2) the ineffective assistance of appellate counsel claim is procedural defaulted because Neal did not

4

raise it in the state court; and, finally, (3) the ineffective assistance of trial counsel claim also fails on the merits.[3] The Court will address each argument in turn.

## Analysis

### I. Procedural Default

#### A. Ineffective Assistance of Trial Counsel

Respondent first argues that Neal's ineffective assistance of trial counsel claim as to potential witnesses Walker and Stewart fails because the state appellate court rejected it on an independent and adequate state law ground. The Court agrees. A habeas claim "will be procedurally defaulted—and barred from federal review—if the last state court that rendered judgment 'clearly and expressly' states that its judgment rests on a state procedural bar." *Lee v. Foster*, 750 F.3d 687, 693 (7th Cir. 2014) (quoting *Harris v. Reed*, 489 U.S. 255, 263 (1989)). "Accordingly, [courts do] not entertain questions of federal law in a habeas petition when the state procedural ground relied upon in the state court is [1] independent of the

---

[3] Respondent initially filed a motion to dismiss Neal's petition as untimely under the one year statute of limitations, 28 U.S.C. § 2244(d). R. 7. The Court denied that motion, because it failed to consider the prison mailbox rule, as well as the impact of Neal's lack of access to legal materials while incarcerated. R. 15 at 4. In response to the petition on its merits, Respondent again argues that Neal's petition was untimely. Respondent's argument fails. Respondent argues Neal was represented by appointed counsel for at least a portion of the time he contends he was denied library access. Respondent also argues Neal had a pending case (i.e., the allegedly untimely habeas petition) that would have provided him with library access had he properly requested it. R. 19 at 7 n.2. Respondent offers no information to allow the Court to verify its assertions as to prison procedures or the timing of Neal's attorney representation. As stated in the Court's previous order, "[r]espondent has the burden of establishing an entitlement to relief under the statute of limitations." R. 15 at 4. Absent additional information, Respondent's claims that Neal's filing was untimely are rejected.

federal question and [2] adequate to support the judgment." *Lee*, 750 F.3d at 693 (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

**1. Independent and Adequate State Ground**

"An independent state ground will be found when the court actually relied on the procedural bar as an independent basis for its disposition of the case." *Lee*, 750 F.3d at 693. The state appellate court actually and expressly relied on 725 ILCS 5/122-2, a state procedural rule, in denying Neal's claim of ineffective assistance of trial counsel for failing to call Stewart and Walker to testify. *See* R. 20-2 at 10 (¶ 67) (after laying out the standard pursuant to 725 ILCS 5/122-2, noting, "Here, we cannot consider the information in the police reports without affidavits from Jimmie Walker and Shalonda Stewart. Without affidavits from Jimmie and Shalonda, we cannot determine whether they could have provided testimony at trial that would have supported defendant's theory of self-defense."). 725 ILCS 5/122-2 provides that a post-conviction petition must attach "affidavits, records or other evidence supporting its allegations or shall state why the same are not attached." The state court also noted that attaching police reports to the petition did not satisfy 725 ILCS 5/122-2, because the statements in the police reports were not capable of "objective or independent corroboration." R. 20-2 at 9 (¶ 66).

The state court's basis was adequate as well. "A state law ground is adequate when it is a firmly established and regularly followed state practice at the time it is applied." *Lee*, 750 F.3d at 693. The Seventh Circuit has held that 725 ILCS 5/122-2 serves as an independent and adequate state law ground barring habeas review.

6

*See Thompkins v. Pfister*, 698 F.3d 976, 987 (7th Cir. 2012) (noting that the affidavit rule is established by state statute and is regularly followed by Illinois courts); *see also People v. Enis*, 743 N.E.2d 1, 13 (Ill. 2000) ("A claim that trial counsel failed to investigate and call a witness must be supported by an affidavit from the proposed witness. In the absence of such an affidavit, a reviewing court cannot determine whether the proposed witness could have provided testimony or information favorable to the defendant, and further review of the claim is unnecessary.") (citations omitted).

The state appellate court's denial of Neal's ineffective assistance of counsel claim due to his failure to include supporting affidavits constitutes an adequate and independent state law ground. Neal procedurally defaulted that claim. The next question is whether the Court may reach the merits nonetheless.

**2. Exceptions**

A procedural default can be excused if Neal can show both cause for and prejudice from the default or can demonstrate that a failure to consider the claim would result in a fundamental miscarriage of justice. *Richardson v. Lemke*, 745 F.3d 258, 272 (7th Cir. 2014). Neal does not argue cause and prejudice, nor could he meet that exception. A "cause and prejudice" exception requires Neal to establish "actual and substantial disadvantage," that infected his entire trial with "error of constitutional dimensions." *Thompkins,* 698 F.3d at 987. "Cause for a default is ordinarily established by showing that some type of external impediment prevented the petitioner from presenting his claim." *Richardson*, 745 F.3d at 272. Neal has not

7

provided the Court with any "external impediment" preventing him from obtaining and presenting affidavits during his post-conviction proceedings.

Neal does argue that the absence of federal review "would result [in] a fundamental miscarriage of justice." R. 22 at 3. But Neal cannot meet the fundamental miscarriage of justice exception either, which requires him to "convince the court that no reasonable trier of fact would have found him guilty but for the error allegedly committed by the state court." *Bolton v. Akpore,* 730 F.3d 685, 697 (7th Cir. 2013). Neal fails to provide the requisite "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial" necessary to make out such a claim. *House v. Bell,* 547 U.S. 518, 537 (2006). The information contained in the police reports attesting to Stewart and Walker's interviews was presented at trial, and as described *infra*, the testimony of all three additional witnesses contradicts the physical evidence and Neal's own testimony. Accordingly, the Court is not convinced that no reasonable trier of fact would have found Neal guilty but for his trial counsel's failure to interview and present Stewart and Walker at trial. Neal's claim of ineffective assistance of trial counsel as to Stewart and Walker is denied.

### B. Ineffective Assistance of Appellate Counsel

Neal's ineffective assistance of appellate counsel claim is also procedurally defaulted because Neal failed to raise it in one complete round of the state review process. A "claim [is] procedurally defaulted when a petitioner fails to fairly present

his claim to the state courts, regardless of whether he initially preserved it with an objection at the trial level." *Richardson,* 745 F.3d at 268. "To fairly present his federal claim, a petitioner must assert that claim throughout at least one complete round of state-court review, whether on direct appeal of his conviction or in post-conviction proceedings." *Id.* "In Illinois, this means that a petitioner must have directly appealed to the Illinois Appellate Court and presented the claim in a petition for leave to appeal to the Illinois Supreme Court." *Guest v. McCann,* 474 F.3d 926, 930 (7th Cir. 2007).

Neal argues his appellate counsel failed to raise the following issues: (1) the trial court erred in denying a defense request to voir dire prospective jurors about possible bias toward handguns; (2) the trial court erred in denying a defense request for an involuntary manslaughter instruction; and (3) his trial counsel was ineffective. R. 1 at 5. But Neal failed to raise these issues at any level of the state court proceedings—they were instead raised for the first time in Neal's petition for habeas relief submitted to this Court. His claim of ineffective assistance of appellate counsel is thus procedurally defaulted.

Further, Neal cannot meet the "cause and prejudice" or fundamental miscarriage of justice exceptions to excuse his procedural default. First, Neal does not give the Court any reason to explain his failure to raise his ineffective assistance of appellate counsel claim before the state court. "[A] claim of attorney ineffectiveness which is defaulted in state court cannot be the basis for cause, unless the petitioner can establish cause and prejudice for the ineffectiveness claim

9

as well." *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010). Second, Neal does not provide enough information in his petition, R. 1, or his reply, R. 22, to evaluate his claim and convince this Court that no reasonable trier of fact would have found him guilty but for any error by his appellate counsel as required for the fundamental miscarriage of justice exception.[4] Neal's ineffective assistance of appellate counsel claim is denied.

## II. Merits

"Federal habeas relief from a state-court criminal judgment is not easy to

---

[4] Nor can the Court infer a successful claim on the merits from the information provided by Neal. Neal can prevail on his ineffective assistance of appellate counsel claim only if he establishes that his appellate counsel failed to raise an issue that was both obvious and clearly stronger than the issues he did raise. *Smith v. Gaetz*, 565 F.3d 346, 352 (7th Cir. 2009). On appeal, Neal's counsel raised one argument—that the trial court erred in imposing consecutive, rather than concurrent sentences. R. 30-1 at 10-20. His counsel was partly successful, and Neal was resentenced. The limited information provided by Neal does not indicate that the additional appellate issues were both obvious and clearly stronger than the issue his appellate counsel did raise. First, Neal argues the trial court erred in not allowing questions about handgun bias during voir dire. But there is no obvious indication that the trial court's decision raised an appealable issue based on the few pages of voir dire and closing statements provided by Neal. *See* R. 1 at 19-26. Nor is there any evidence that the failure to question the jurors regarding their handgun bias caused any prejudice to Neal. Second, Neal argues that the trial court erred in denying a request for an involuntary manslaughter instruction. But Neal testified that he "was trying to shoot the guy that was shooting at [him]," R. 1 at 15, making an involuntary manslaughter defense likely inappropriate. *See* 720 ILCS 5/9-3 (involuntary manslaughter requires the *unintentional* act of killing someone without legal justification). Regardless, Neal does not provide any information as to the context of the denial. Finally, Neal maintains that his appellate counsel erred in not raising an argument that his trial counsel was ineffective. But he provides no information as to what ineffective assistance of trial counsel claim his appellate counsel should have raised. As described later in this opinion, review of trial counsel's performance is highly deferential, and is a difficult issue to successfully raise. Even if the claim was not procedurally defaulted, Neal fails to show that the three issues were obvious and clearly stronger than the issues raised by his appellate counsel.

10

come by." *Thompkins*, 698 F.3d at 983. When a state court has adjudicated a federal claim on the merits, a federal habeas court may not grant relief unless the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or was based on "an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). To prevail under this standard, the "prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Ward v. Neal*, 835 F.3d 698, 703 (7th Cir. 2016).

Neal's only remaining, non-procedurally defaulted claim is his ineffective assistance of trial counsel claim regarding the third witness, April Davis. To prevail on an ineffective assistance of counsel claim, Neal must demonstrate (1) that his counsel provided deficient performance, meaning his representation "fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984); and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694. Counsel's performance is entitled to substantial deference. The *Strickland* analysis begins with "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance" and "an objective standard of reasonableness" applies. *Id.* at 688-89. Because the *Strickland* standard is "highly deferential" to a lawyer's strategic choices and the review of state-court judgments

11

under § 2254(d) is "likewise highly deferential," the Court's review is "doubly deferential." *Hinesley v. Knight*, 837 F.3d 721, 732 (7th Cir. 2016).

Neal provided an affidavit of the testimony of Davis, indicating what she would have testified to had his counsel called her as a witness. The state appellate court reviewed that affidavit and adjudicated the merits of Neal's post-conviction appeal on that basis. But Neal cannot show that the state appellate court either contradicted or unreasonably applied *Strickland*. After correctly identifying the applicable *Strickland* standard, R. 20-2 at 9 (¶¶ 61-62), the state appellate court reasonably concluded that Neal did not suffer prejudice from his counsel's failure to call Davis. The testimony that Davis would have offered directly contradicted Neal's testimony and does not support Neal's argument for self-defense. Davis would have testified that multiple shooters from within the crowd began firing at Neal *before* he returned fire, which contradicts Neal's and several other witnesses' testimony that Neal was the *first* to open fire on the crowd. *Id.* at 3-5, (¶¶ 15-17, 21, 25). Davis's testimony is also contradicted by the physical evidence—the shell casings recovered were all fired from the same gun. *Id.* at 10 (¶ 71).

> As the state appellate court noted:
>
> Where defendant's own admission at trial precludes the very defense that he tries to raise, and April's testimony would have been contradicted by the record and would not have supported defendant's theory of self-defense, we cannot say that he is prejudiced by his trial counsel's failing to call April or that his lawyer's failure to call her was not sound trial strategy.

*Id.* at 10-11 (¶ 73). The state court's interpretation of the evidence was well within the bounds of reasonable judicial opinion. Because Neal cannot prove the prejudice

12

prong of *Strickland*, it is unnecessary to delve into the performance of Neal's trial counsel. *See Taylor v. Bradley*, 448 F.3d 942, 949 (7th Cir. 2006) ("[O]nce a court is satisfied that a *habeas* petitioner will be unable to mount a victorious challenge under either of the two prongs of the *Strickland* test, it is unnecessary and undesirable for that court to consider the attorney performance facet of the analysis.") (citing *Strickland*, 466 U.S. at 697).

The state appellate court's rejection of Neal's ineffective assistance of trial counsel claim was not contrary to, or an unreasonable application of, *Strickland*. Neal's petition is denied.[5]

### III. Certificate of Appealability

Finally, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). Rule 11(a) of the Rules Governing § 2254 Cases provides that

---

[5] Although the Court has already found that Neal's claim as to potential witnesses Walker and Stewart is procedurally defaulted, that portion of his claim fails on the merits as well. Because Neal failed to attach affidavits of these witnesses to his petition, it is unclear how Walker and Stewart would have testified at trial. However, based upon the state appellate court's analysis of the police reports pertaining to Walker and Stewart, the two likely would have testified that Neal did not shoot first, and that there were two other shooters standing with Neal and firing into the crowd. R. 20-2 at 10 (¶¶ 68-69). The police reports were presented at trial, and Detective Murray testified at trial to the information contained in the police reports. *See* R. 1 at 9-12 (agreeing in his testimony that the notes he read from Walker and Stewart's reports indicated that "the only mention that anyone ever makes of possibly anyone other than the defendant having a gun is people saying that people with [Neal], with him also had guns" and that there was "nothing about a shoot out between the defendant and other people"). Accordingly, the state appellate court reasonably found in the alternative that Neal was not prejudiced by his trial counsel's failure to call Stewart and Walker. Their testimony would have contradicted Neal's testimony that he shot first and would have contradicted his self-defense argument. And again, the testimony regarding multiple shooters is contradicted by the physical evidence that the shell casings were all fired from the same gun.

the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." *See Gonzalez v. Thaler,* 132 S. Ct. 641, 649 n.5 (2012) ("Habeas Corpus Rule 11(a) requires district judges to decide whether to grant or deny a COA in the first instance."). To obtain a certificate of appealability, a habeas petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This demonstration "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Lavin v. Rednour*, 641 F.3d 830, 832 (7th Cir. 2011). Here, the Court's denial of Neal's claims rests on well-established precedent. Accordingly, certification of any of Neal's claims for appellate review is denied.

## CONCLUSION

For the foregoing reasons, Petitioner Derrick Neal's petition for a writ of habeas corpus, R. 1, is denied. The Court also declines to issue a certificate of appealability for any of the claims in the petition.

ENTERED:

*Thomas M Durkin*

Dated: May 18, 2018

———————————————
Honorable Thomas M. Durkin
United States District Judge

14